# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DWIGHT MARKHAM AND EVA MARKHAM                                  PLAINTIFFS

V.                                                              CIVIL ACTION NO. 4:13-CV-00238-SA-JMV

JOSEPH HEAD, et al.                                                       DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on Plaintiff Eva Markham's Voluntary Dismissal [38]. Markham states that she "voluntarily dismisses her claim for loss of consortium and society and companionship and agrees that the pleadings can be amended to reflect Dwight Markham as the sole Plaintiff in this case." However, pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may only unilaterally dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by filing "a stipulation of dismissal signed by all parties who have appeared." In the case at bar, Defendants served their answer on December 11, 2013, some ten months before Markham's Voluntary Dismissal. Thus, Markham is precluded from unilaterally dismissing her claims. As such, the Court will treat Markham's filing as a motion to dismiss without prejudice. See FED. R. CIV. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

After the filing of Markham's Voluntary Dismissal, counsel for Defendants notified the Court that Defendants have no objection to the dismissal of Eva Markham as a plaintiff to this action. Although the Court may not grant a dispositive motion merely because it is unopposed, see L.U.CIV.R. 7(b)(3)(E) ("If a party fails to respond to any motion, *other than a dispositive*

*motion*, within the time allotted, the court may grant the motion as unopposed.") (emphasis added), the Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).

Having been advised by Defendants that the dismissal of Markham's claims will cause them no such prejudice, the Court finds Markham's motion to be well taken, and the same is hereby GRANTED. All claims brought by Plaintiff Eva Markham against Defendants are dismissed without prejudice. A separate order to that effect shall issue this day.

SO ORDERED, this the 30th day of October, 2014.

                                                      /s/ Sharion Aycock  
                                                      UNITED STATES DISTRICT JUDGE